IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

FILED
06 FEB -9 AM 8:34

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IL
ST LOUIS OFFICE

| | |
|---|---|
| ROBERT SASSE | ) |
| Plaintiff, | ) |
| v. | ) 06-121-MJR |
| ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC, a corporation, | ) |
| Defendant | ) |

## COMPLAINT
### Federal Employers' Liability Act

COMES NOW the Plaintiff, ROBERT SASSE, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC was and is an Illinois corporation, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained, in interstate commerce, engaged in transporting interstate commerce between various states including the States of Illinois and Iowa.

3. That on or about June 17, 2004, and at all times mentioned herein, the plaintiff, ROBERT SASSE, was an employee of the defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC a corporation, and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of the plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, plaintiff was employed by the defendant as a locomotive engineer and as such, performed his duties both in the State of Illinois and in Iowa.

6. That Defendant operated inspection and repair facilities in Centralia, Illinois, E. St. Louis, Illinois, and Carbondale, Illinois at which locations its employees inspected, repaired, and maintained the equipment put to use by the Defendant.

7. That during Plaintiff's employment with the Defendant, and while working on Defendant's transportation system in the States of Illinois and Iowa, Plaintiff was routinely exposed to repetitive movements, vibrating engine seats, vibrating engine locomotives, vibration, and slack action on a repetitive and continuing basis that resulted in his exposure to repetitive and cumulative trauma to various parts of his body, including but not limited to his low back and spine, joints of his lower extremities, hands, wrists and upper extremities.

## PLAINTIFF DEMANDS TRIAL BY JURY

### FIRST CAUSE OF ACTION
### FELA - NEGLIGENCE

8. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

(b) Required Plaintiff to operate a locomotive with a defective chair;

(c) Required Plaintiff to operate a defective locomotive and bad-ordered locomotive;

(d) Failed to maintain its tracks, ballast, and roadways;

(e) Failed to remove a bad-ordered locomotive from usage;

(f) Failed to protect its track and road bed from water damage;

(g) Failed to provide adequate drainage to its track and road bed;

(h) Failed to replace the drainage system of their tracks in such a way as to prohibit the lateral and vertical movement of its rails when in usage;

(i) Negligently assigned Plaintiff to his work duties;

(j) Allowed unsafe practices to become the common practice;

## PLAINTIFF DEMANDS TRIAL BY JURY

## SECOND CAUSE OF ACTION
## BOILER INSPECTION ACT

9. That at said time and place, the Defendant, by and through its agents, servants, and employees, violated 49 U.S.C. Section 20701; being the Boiler Inspection Act in that Defendant failed to provide the Plaintiff with a locomotive and its appurtenances which were in proper condition and safe to operate in the service to which it was put by committing one or more of the following acts or omissions in violation of the Act, to wit:

(a) Allowed to be used on its railroad line, a bad-ordered locomotive;

(b) Required Plaintiff to operate a bad-ordered locomotive;

(c) Allowed to be used on its railroad line, a locomotive with a defective locomotive seat;

(d) Allowed to be used on its locomotive line, a locomotive with a defective suspension system;

(e) Allowed to be used on its railroad line, a locomotive whose parts and appurtenances were not in proper condition, and safe to operate without danger of personal injury;

(f) Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats;

(g) Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities.

## PLAINTIFF DEMANDS TRIAL BY JURY

## THIRD CAUSE OF ACTION
## F.R.A. VIOLATIONS

10. That the Defendant, ILLINOIS CENTRAL RAILROAD, d/b/a CN/IC by and through its duly authorized agents, servants, and employees, violated an Act of Congress, commonly referred to as the Federal Employer's Liability Act, 45 U.S.C.A. Section 51-60, and Track Safety Standards 40 C.F.R. Section 213 et al. promulgated by the Department of Transportation/Federal Railroad Administration Office of Safety, and enacted for the safety of employees, in that the Defendant committed one or more of the following acts, omissions, or violations, to wit:

(a) Failed to inspect and maintain its tracks and roadbed;

(b) Failed to support its track by material which would transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

(c) Failed to support its track by material which would restrain the track laterally, longitudinally, and vertically, under dynamic load and pulls by railroad rolling equipment and thermal stress exerted by the rails;

(d) Failed to support its track by material which would provide adequate drainage for the tracks; and

    (e)    Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

    (f)    Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the road bed in such a manner as to accommodate expected water flow for the area consumed;

    (g)    Failed to inspect its rails for defects;

    (h)    Failed to bar the operation of its trains over defective rail;

    (i)    Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233;

    (j)    Failed to conduct inspections of its track and road bed following floods, severe storms, and washouts;

## PLAINTIFF DEMANDS TRIAL BY JURY

## FOURTH CAUSE OF ACTION
## F.E.L.A. - REPETITIVE TRAUMA

11.    That at all times relevant herein, the Defendant ILLINOIS CENTRAL RAILROAD, d/b/a CN/IC by and through its duly authorized agents, servants, and employees, committed one or more of the following negligent acts or omissions to wit:

    (a)    Failed to provide Plaintiff with a reasonably safe place in which to work;

    (b)    Failed to provide Plaintiff with proper supervision and instruction;

    (c)    Failed to warn Plaintiff of the dangers and hazards of being exposed to repetitive trauma and repetitive vibration while operating a locomotive engine;

    (d)    Assigned Plaintiff to do physical tasks beyond his physical capability;

    (e)    Assigned Plaintiff to work upon locomotive engine seats that vibrated and transmitted shocks and forces to his body, back and spine;

    (f)    Exposed Plaintiff to repeated slack action in the operation of locomotive engines;

(g) Failed to upgrade and repair its locomotive seats when Defendant's equipment passed through its inspection points, including those located in Centralia, Illinois, E. St. Louis, Illinois, and Carbondale, Illinois;

(h) Failed to inspect and maintain its locomotive seats to reduce the transmission of shock and trauma to Plaintiff's body;

(i) Exposed Plaintiff to repeated vibrations and repetitive movements while working in Defendant's locomotive engines;

(j) Allowed unsafe practices to become the common practice.

12. That Plaintiff did not become aware of the cause of his repetitive and cumulative injuries until within three (3) years of the filing of this complaint.

13. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff sustained repetitive and cumulative injuries, and Plaintiff received a traumatic injury on or about June 17, 2004 when he was injured in Webster County, Iowa, at or near mile marker 383.5, while operating a locomotive engine which was caused to drop vertically, causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebra, joints, and discs of the spine; injuries to his knees, hands, wrists, and upper extremities; that he has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries, that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to

expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, ROBERT SASSE, prays judgment against the Defendant, Illinois Central Railroad Company, d/b/a CN/IC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted by,

**KUJAWSKI & NOWAK, P.C.**

By _____
John R. Kujawski
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
(618-622-3600)
fax: (618-622-3700)
**Attorneys for the Plaintiff**