IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT SASSE,                                      )
                                                   )
       Plaintiff,                           )
                                                   )
       v.                                   )       Case No. 3:06-cv-121-DRH
                                                   )
ILLINOIS CENTRAL RAILROAD                          )
COMPANY,                                           )
                                                   )
       Defendant.                           )

**ORDER**

This matter is before the Court on the Motion to Amend/Correct Answer to the Complaint to Assert Additional Affirmative Defense filed by the defendant, Illinois Central Railroad Company, on May 15, 2006 (Doc. 16) and the Motion to Amend/Correct Complaint filed by the plaintiff, Robert Sasse, on May 22, 2006 (Doc. 20).  The motion to amend the answer is **GRANTED** and the motion to amend the complaint is **GRANTED.**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004).  The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

The defendant seeks to amend its answer to include an affirmative defense that it is not the plaintiff's employer and therefore is not liable to him under the Federal Employers' Liability Act, 45 U.S.C. §§51-60.  The plaintiff has not objected to the motion and there is no showing of prejudice.  As leave is freely given, this motion is **GRANTED**.

The plaintiff seeks to amend the complaint in order to more clearly articulate his claims against the defendant – an issue that was raised in the defendant's March 17, 2006 motion to dismiss.  Indeed, the pending motion to amend the complaint was filed in lieu of a response to the motion to dismiss.  The defendant's objection is that the plaintiff still has failed to correctly identify the proper party-defendant – this issue is the subject of the defendant's May 3, 2006 motion for summary judgment.  Thus, the defendant argues that leave to amend should not be granted until the motion for summary judgment has been ruled upon.  This Court finds no prejudice in allowing the plaintiff to file a complaint that more fully articulates his claims against the defendant.  The filing of the amended complaint will not moot the motion for summary judgment which is pending before the District Court.  The response to that motion for summary judgment is not due until July 6, 2006.  The mere filing of the motion for summary judgment would not render the proposed amended complaint futile as there has been no ruling.  As leave to amend the complaint is freely given and there has been no showing of prejudice, this motion is also **GRANTED**.

The plaintiff **SHALL** file his amended complaint by **June 28, 2006**.  The defendant may (1) file its amended answer to the original complaint prior to the filing of the amended complaint and then file a responsive pleading to the amended complaint as provided by Rule 15(a); or (2) wait for the filing of the amended complaint and file its responsive pleading thereto with the affirmative defense allowed above.  In light of this ruling, the defendant's March 17, 2006 motion to dismiss is **MOOT**.

For the reasons set forth above, the Motion to Amend/Correct Answer to the Complaint to Assert Additional Affirmative Defense filed by the defendant, Illinois Central Railroad

2

Company, on May 15, 2006 is **GRANTED** (Doc. 16), the Motion to Amend/Correct Complaint filed by the plaintiff, Robert Sasse, on May 22, 2006 is **GRANTED** (Doc. 20), and the Motion to Dismiss filed by the defendant is **MOOT** (Doc. 5).  The plaintiff shall file his amended complaint by **June 28, 2006**.  The defendant shall file its amended answer or responsive pleading as outlined above.

**DATED: June 22, 2006**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**